[No. 7335]

## McKeown v. Lawrence et al.

1. Parties—*Defendants—Public Trustee*—The public trustee may be made a defendant to a bill to vacate and set aside, on equitable grounds, a deed of trust in which he is named as a trustee.

2. ——*Defendants Improperly Joined*, the plaintiff is entitled to dismiss.

3. Pleading—*Complaint—Cause of Action*—Deed of lands to the public trustee expressed to be for securing to one Lawrence a promissory note for the principal sum of $1,800.00. The grantor therein alleged that the loan was made for the erection of a dwelling on the premises; that though he had completed the house he had received but a portion of the loan; that the creditor was nevertheless insisting upon the deed of trust as entitling her to the full amount named therein. Prayer that the creditor surrender the note and cause the deed to be cancelled, on payment of the amount received, or pay the residue of the promised loan. Held to state a cause of action, and but one cause of action.

4. ——*Demurrer Sustained—Effect.* Demurrer sustained for misjoinder of defendants does not terminate the cause as to those defendants who are proper parties. The plaintiff may discontinue as to those improperly joined, and thus relieve the complaint of all objection.

5. Deed of Trust—*Relief Against*—Defendant held a deed of trust upon lands of plaintiff expressed to be for securing the payment of a certain sum with interest, at a certain date. In fact the loan was made with an agreement that the amount named should be advanced for the erection of a dwelling on the premises described, in installments as the work proceeded, and that the whole sum named should be paid when the dwelling was completed. Having advanced only a part of the stipulated loan, the creditor, though the building was completed, claimed that the deed of trust was a valid security for the whole sum named therein. Held that plaintiff was entitled to relief; that defendant might be required to cause the deed of trust to be released, upon a payment of the amount advanced, with interest, or to complete the loan to the stipulated amount.

*Error to Denver District Court.*—Hon. Geo. W. Allen, Judge.

Mr. W. W. Dale, for plaintiff in error.

Mr. Clarence J. Morley, for defendants in error.

Mr. Justice Scott delivered the opinion of the court.

It was alleged in the complaint in this case that on the 1st day of June, 1909, the plaintiff, David McKeown, was the owner of lots. Nos. 41 and 42, block 8, Highland Place, in the city and county of Denver. That on that day he executed and delivered to the public trustee of the city and county of Denver, his deed of trust of that date, for the purpose of securing plaintiff's note to de-

fendant Jessie D. Lawrence, in the sum of $1,800.00, payable three years after the date thereof with interest at 6 per cent per annum; that this trust deed was. executed in pursuance of an agreement with the said Jessie D. Lawrence by and through her attorney, Barton Lowe, wherein it was agreed that the defendant Lawrence should loan to the plaintiff the sum of $1,800.00 as a building loan, and that plaintiff was to construct on the said premises a five room brick dwelling, and that the money for said loan was to be advanced by the said Lowe for and on behalf of the defendant Lawrence to the plaintiff, as the work of construction of the building should progress. That in pursuance of this agreement Lowe advanced to the plaintiff on the loan the sum of $737.31, leaving a balance due thereon of $1,062.69, which sum became due and payable to the plaintiff upon completion of the building. That the dwelling house was completed by the plaintiff and entirely finished on or before the 1st day of September, 1909, and according to the terms and conditions of the said agreement, and by reason thereof plaintiff was entitled to receive the additional sum of $1,062.69, being the remainder of the amount due on the loan, and to secure which the note and trust deed were executed.

It is further alleged that on the 28th day of July, 1909, following the agreement and execution of the note and trust deed, the agent, Barton Lowe, died intestate and that Rose A. Lowe was appointed and qualified as the administratrix of the estate of Barton Lowe.

It was also alleged that W. H. Malone, one of the defendants, is the duly qualified and acting public trustee in and for the city and county of Denver. Also that the defendant Jessie D. Lawrence has refused to comply with the said agreement and to pay the plaintiff the remainder due on said loan, but on the contrary claims that the

plaintiff is indebted to her for the full amount of the said $1,800.00 secured by the said trust deed.

The plaintiff alleges also that he is able and willing to refund to the defendant Jessie D. Lawrence the said sum of $737.31 with interest thereon from the date of the note and trust deed, provided that the defendant Lawrence will surrender the note and cause the trust deed to be cancelled. This sum of money was tendered into court with an offer to pay any other or additional sum which the court might find the defendant entitled to by reason of the premises.

The prayer was that the defendant Lawrence surrender the note and cause the trust deed to be cancelled, upon payment by the plaintiff to the defendant Lawrence, of the said sum of $737.31, together with interest found to be due, or that in lieu thereof the said defendant Lawrence shall pay to the plaintiff the remainder of the sum for which the note was executed, to-wit, the sum of $1,062.69, being due the plaintiff under the terms of the agreement.

The administratrix does not seem to have appeared in the action. The defendants, W. H. Malone, public trustee, and Jessie D. Lawrence, filed separate demurrers but identical in language, and for grounds as follows: (1) That the complaint does not state facts sufficient to constitute a cause of action; (2) that several causes of action have been improperly joined, in that the complaint seeks to recover judgment and decree requiring this defendant to satisfy of record a certain deed of trust, and also seeks to recover a money judgment against the defendant Rose A. Lowe, as administratrix, and that this defendant has no connection direct or remote with the said claim against Rose A. Lowe, administratrix; (3) that there is defect or misjoinder of

parties defendant in that this defendant is joined as a defendant with the defendant Rose A. Lowe, administratrix, upon a cause of action with which this defendant has no connection.

On the 23d day of May, 1910, these separate demurrers to the complaint were sustained by the court and the plaintiff allowed ten days in which to amend his complaint. On the 28th day of May, 1910, the plaintiff moved the court to dismiss as to Rose A. Lowe, administratrix. On June 25th, 1910, this motion of the plaintiff was denied by the court, but for what reason does not appear in the record. On the same day the plaintiff tendered his motion to amend the complaint by striking out the name of Rose A. Lowe, as administratrix, as one of the defendants. This motion was likewise denied. On September 13th, 1910, the court ordered the dismissal of the suit as to the defendants Jessie D. Lawrence, and W. H. Malone, as public trustee. The court later dismissed the suit.

The only reason given, as disclosed by the record, for the denial of the motion of the plaintiff to dismiss as to the administratrix, and to amend the complaint in that regard, is as follows:

"The Court: The motion will have to be denied for the reason that the court has sustained demurrers as to the other defendants on the ground of misjoinder of parties and misjoinder of causes of action. They are out of court, as the court understands it."

Just how the defendants Lawrence and the public trustee could get out of court by reason of the court's action in sustaining their separate demurrers to the complaint does not appear.

It would seem from the briefs of counsel that the demurrers were sustained upon the ground of misjoinder

of parties defendant, and the improper joining of several causes of action. The dismissal by the plaintiff as to the defendant, administratrix, would have relieved the complaint of each of these objections.

There is but one cause of action stated in the complaint, *viz.*, the failure to comply with the terms of a contract duly stated, and praying specific performance, or in the alternative, a recision of the agreement.

If we admit that the administratrix of the estate of Lowe was not a proper party to the action, then it was the duty of the court to permit the plaintiff to dismiss as to such administratrix.

The motion to amend by striking her name from the complaint was but a repetition in another form of the motion to dismiss as to the particular defendant. The public trustee was merely a formal party defendant. It is usual in such cases to make such official a party to the suit. He may not be a necessary party defendant, but he is a proper party. If the court had permitted the plaintiff to dismiss as to the administratrix of the agent Lowe, as it should have done, the complaint would have stated a good cause of action against defendant Lawrence, and but one cause.

It is inexplicable that the court should upon its own motion have dismissed the case as to the defendant Lawrence, the real party in interest and the only party charged with wrong, or that it should have, a few days later, dismissed the entire proceeding. Such action was clearly error. Under the complaint, the plaintiff executed to the defendant Lawrence his promissory note in the sum of $1,800.00 for a loan of that amount of money, and secured the payment of this by the execution of a trust deed upon his premises.

The defendant has advanced but $737.31 of this sum

and refuses to advance the remainder of the loan. Plaintiff alleging completion of the building according to the agreement, demands the remainder of the sum for which he has executed his note and trust deed, or that the defendant accept a return of the sum received, together with interest, and cancel the note and trust deed. It was the duty of the court to require this defendant to plead to the complaint.

The judgment is reversed with instruction to proceed in accordance with these views.

MUSSER, C. J., and GARRIGUES, J., concurring.